HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASTE ACTION PROJECT,

    Plaintiff,

v.

PRO-FLIGHT AVIATION, INC,

    Defendant.

Case No. 2:19-cv-00045-JLR

[~~PROPOSED~~] CONSENT DECREE

## I. STIPULATIONS

Plaintiff Waste Action Project ("WAP") filed its lawsuit against Pro-Flight Aviation, Inc. ("Pro-Flight Aviation") on January 10, 2019, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Pro-Flight Aviation's industrial facility at 540 West Perimeter Road at the municipal airport of Renton, Washington, and seeking declaratory and injunctive relief, civil penalties, and attorney fees and costs. Pro-Flight Aviation denies the allegations contained in the sixty-day notice and complaint.

WAP and Pro-Flight Aviation agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of

CONSENT DECREE
Case No. 2:19-cv-00045-JLR
p. 1

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

resolving this action.

WAP and Pro-Flight Aviation stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding WAP's claims or allegations set forth in its complaint and its sixty-day notice.

Pro-Flight Aviation, Inc.

By _(signed) Diane O. Paholke_
Diane Paholke
Title: President

DATED this _30th_ of November, 2019.

Waste Action Project

By _(signed) Greg Wingard_
Greg Wingard
Title: Executive Director

DATED this _5th_ December of ~~November~~, 2019.

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. For purposes of this Decree, this court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation by Defendant Pro-Flight Aviation of its

CONSENT DECREE
Case No. 2:19-cv-00045-JLR
p. 2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

Facility at or about 540 W. Perimeter Road, Renton, WA 98057 (the "**Facility**").

5. This Consent Decree is a full and complete settlement of the claims in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is WAP's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by WAP in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing on the part of Pro-Flight Aviation.

7. Pro-Flight Aviation agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this Decree:

A. Pro-Flight Aviation will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR002266 (the "**NPDES permit**") and any successor, modified, or replacement permit, and the stormwater pollution prevention plan ("**SWPPP**") adopted thereunder, for the duration of the Consent Decree;

B. Pro Flight Aviation will revise its SWPPP to include the below-described improvements, including treatment, best management practices, and monitoring procedures, within 90 days of implementation. Pro-Flight Aviation will thereafter fully implement the SWPPP for the duration of the Consent Decree.

a) Pro-Flight Aviation will install stormwater catch basin inserts containing biochar filtration media at all three catch basins within fourteen (14) days following entry of this Decree and will also purchase three sets of replacement media.

CONSENT DECREE
Case No. 2:19-cv-00045-JLR
p. 3

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

b) For the duration of the Consent Decree, Pro-Flight Aviation will maintain all corrective actions and best management practices ("**BMPs**"), including catch-basin inserts or other media designed to capture or treat pollutants in stormwater, in accordance with maintenance procedures specified by the manufacturer or treatment technology developer.

c) For the duration of the Consent Decree, Pro-Flight Aviation will ensure that at least two members of Pro-Flight Aviation's staff are trained in taking stormwater samples and sending them to the laboratory and at least one trained person will be on the premises during Pro-Flight Aviation's business hours.

d) Including discharge sampling and analysis required by the Permit, Pro-Flight Aviation will collect and analyze samples (in a manner consistent with Permit requirements) monthly for sampling points where there is discharge for each month from October, 2019, through March, 2020.

e) During the time period September 2019 through August 2020, Pro Flight will provide to WAP copies of all stormwater discharge sample lab analysis reports; discharge monitoring reports; written (including electronic) documents to and from Ecology pursuant to the NPDES permit; and updated SWPPPs. Documentation will be forwarded to WAP on a quarterly basis no later than the thirtieth day following the end of each calendar quarter. For clarity, stormwater discharge sample lab analysis reports will be submitted at the same time as the discharge monitoring report to which they relate. Failure to timely provide copies required by this paragraph to WAP will not be construed as a material breach of Pro Flight's obligations under this Consent

CONSENT DECREE
Case No. 2:19-cv-00045-JLR
p. 4

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

Decree, provided that required copies are provided with reasonable expediency to WAP upon its notice to Pro Flight of such failure.

8.  No later than seven (7) days after the entry of this Consent Decree, Pro-Flight Aviation will pay an amount of ONE THOUSAND DOLLARS ($1,000) to the Duwamish Valley Youth Corps as described in **Exhibit A** to this Consent Decree, for environmental benefit projects benefiting water quality projects in the Green/Duwamish River basin. Payment will be made to the order of and delivered to Duwamish River Cleanup Coalition/Technical Advisory Group, C/O Paulina Lopez, Executive Director, Duwamish River Cleanup Coalition/TAG, 7400 3rd Avenue South, Seattle WA 98108. Payment shall include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project / Pro-Flight Aviation, Clean Water Act Settlement." A copy of each check and cover letter, if any, shall be sent simultaneously to WAP.

9.  Pro-Flight Aviation will pay WAP's reasonable attorney and expert fees and costs in the amount of TWENTY THOUSAND DOLLARS ($20,000). Payment will be made within seven (7) days of the entry of this Decree by check payable and mailed to Smith & Lowney, PLLC, 2317 E. John Street, Seattle, Washington 98112, attn: Richard Smith. This payment is full and complete satisfaction of any claims WAP may have under the Clean Water Act for fees and costs.

10. A force majeure event is any event outside the reasonable control of Pro-Flight Aviation that causes a delay in performing tasks required by this Decree that cannot be cured by due diligence. Delay in performance of a task required by this Decree caused by a force majeure event is not a failure to comply with the terms of this Decree, provided that Pro-Flight Aviation notifies WAP of the event; the steps that Pro-Flight Aviation will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Pro-Flight Aviation will notify WAP of the occurrence of a force majeure event as soon as

CONSENT DECREE
Case No. 2:19-cv-00045-JLR
p. 5

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

reasonably possible but, in any case, no later than ten (10) business days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include:

A. Acts of God, war, insurrection, or civil disturbance;

B. Earthquakes, landslides, fire, floods;

C. Actions or inactions of third parties over which defendant has no control;

D. Restraint by court order or order of public authority;

E. Any permit or other approval sought by Pro Flight from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Pro Flight has timely and in good faith sought the permit or approval;

F. Strikes; and

G. Litigation, arbitration, or mediation that causes delay.

11. This court retains jurisdiction over this matter. While this Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the notice, whichever occurs first, unless extended by mutual written agreement of the parties, either party may file a motion with this court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs

CONSENT DECREE
Case No. 2:19-cv-00045-JLR
p. 6

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, shall apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent Decree by the parties, WAP shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

13. This Consent Decree takes effect upon entry by the court. It terminates three years after entry by the court.

14. All parties have participated in drafting this decree.

15. This Consent Decree may be modified only upon the approval of the court.

16. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith to cure any objection raised by the court to entry of this Consent Decree.

17. Notifications required by this Consent Decree must be in writing. A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the addresses

CONSENT DECREE
Case No. 2:19-cv-00045-JLR
p. 7

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph.

**if to WAP:**

Waste Action Project
P.O. Box 9281
Covington, WA 98042
gwingard@earthlink.net

**and to:**

Smith & Lowney PLLC
2317 East John St.
Seattle, WA 98112
richard@smithandlowney.com

**if to Pro-Flight Aviation**:

Diane Paholke
Pro-Flight Aviation, Inc.
750 W. Perimeter Road No. 1
Renton, WA 98057

Mark Myers
Bridget Schuster
Williams Kastner
601 Union Street, Suite 4100
Seattle, WA 98101

DATED this 31st day of January, 2020.

THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT COURT JUDGE

CONSENT DECREE
Case No. 2:19-cv-00045-JLR
p. 8

Smith & Lowney, P.L.L.C.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883